IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST            )
FROM SPAIN                         )
IN THE MATTER OF                   )     Misc. No. 06-
SANTIAGO CORCUERA                  )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Spain. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Spanish authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Spanish authorities seek information from a corporation that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part

>the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Spain and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91

(D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte</u>, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No. 2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 7/27/06

Case 1:06-mc-00145-SLR   Document 2-2   Filed 07/27/2006   Page 1 of 9

**MAGISTRATES' COURT N° 3**
**DONOSTIA – SAN SEBASTIAN**

TERESA DE CALCUTA-ATOTXA-JUST. JAUREGIA 3 – POSTAL CODE 20012
Telephone: 943-000723  Fax: 943 00 07 09

**Committal Proceedings 111/03**
Original Procedure:
General Identification Number: 20.05.1-03/001278
Official report n°: ERTZAINTZA SN SN 590D030053
Facts reported: FRAUD
Attorney:
Lawyer:
Represented person:

## INTERNATIONAL ROGATORY COMMISSION

1.- **PETITIONER AUTHORITY**: Magistrates' Court N° 3 of DONOSTIA-SAN SEBASTIAN.

2.- **AUTHORITY TO DEAL WITH THE PETITION**: THE PERTAINING COURT IN WASHINGTON-UNITED STATES OF AMERICA

3.- **REQUESTED ACTIONS**

To carry out the necessary inquiries with the purpose of establishinig who is the owner of the credit cards indicated below, whether they have been reported as robbed cards and, if so, since which date they have shown as robbed, and, so as to get the above information, we kindly ask you to get in touch with the following banks:

Credit card n° ███████████████ Bank of America, NA (USA)  P.O.Box 1390 Norfolk, VA 23501 U.S.A.

Credit card n° ███████████████ First USA Bank, N.A. 2500 Westfield Drive Mail Stop: ILI-6152 Elgin, IL 60123 U.S.A.

Enclosed please find copy of the complaint filed before the police as well as a copy of the reply sent by VISA ESPAÑA S.C.

To carry out as well the necessary inquiries with the purpose of establishing who is the owner of the credit cards indicated below, whether they have been reported as robbed cards and, if so, since which date they have shown as robbed and, so as to get the above information, we kindly ask you to get in touch with the following bank:

- Credit card: ███████████████
- Issuing bank: MBNA AMERICA (DELAWARE)
- Person to contact: ███████████████

Telephone: ............................................... + (800) 427-2399
Fax ........................................................... + (302) 457-0924

We kindly ask you to send the results of your investigation to this Court.

In DONOSTIA-SAN SEBASTIAN, on 2nd November 2005

THE MAGISTRATE                              THE SECRETARY

(oval stamp and illegible signature)     (round stamp and illegible signature)

BASQUE GOVERNMENT

DEPARTMENT OF INTERIOR
Deputy Ministry of Security
Police

Folio N°:  -01-

COMPLAINT REPORT

REFERENCE:      590D0300053
FILED FOR:       FRAUD

MR. SANTIAGO ARCAS CORCUERA, born in DONOSTIA-SAN SEBASTIAN (GIPUZKOA), on ▮▮▮▮▮, the son of JOSE MARIA and MARIA JOSEFA, with National Identity Card N° ▮▮▮▮ and resident in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ appears at the police station, in DONOSTIA-SAN SEBASTIAN, at 17.52 hours on 7th JANUARY 2003 and is heard by the policeman/woman with professional number ▮▮▮▮

He reports the following facts:

FRAUD on his person.

The complainant declares that he owns an optician's shop and he sells optical products by internet. Sales are carried out once the buyer has credited the amount of the sale into the complainant's account. After the amount has been paid the buyer receives the product. In order to make the payment the buyer sends the details of the credit cards to be used for the payment by e-mail. Then the seller charges the order into those cards.

The complainant states that on 15th November 2002 he received by internet an order for two ZEISS viewfinders at the name of Ivan JHANK, for an amount of three thousand six hundred and fifty six Euro /3.656/ to be delivered in J.L. KOLOMBO ▮▮▮ in the town of JOGYAKARTA 55281, Indonesia, with telephone number ▮▮▮▮ and mobile phone ▮▮▮▮▮ at the name of the shop IVAN'S OUTDOOR RESTORATION. After having asked the customer about the details of the cards where he wanted the amount to be charged, the charges were made accordingly, being the details of the cards as follows: MASTERCARD ▮▮▮▮▮▮▮▮, expiry date 11/03, amount charged on that card one thousand eight hundred and twenty eight Euro /1.828/, date of charge 4th December 2002, number of transaction ▮▮▮▮ The second

Signed: Complainant                              Signed: Examining poliman/woman

**BASQUE GOVERNMENT**

DEPARTMENT OF INTERIOR
Deputy Ministry of Security
Police

Folio N°:   -02-

## COMPLAINT REPORT

charge was made against a VISA card n° ███████████ expiry date ███ for the same amount, date of charge 7th December 2002, transaction number ███. The goods were sent to the said buyer on 16th December 2002 to the above address in Indonesia. On 17th December 2002 the savings bank KUTXA received a notification from means of payment of the main office in Madrid demanding the amount of that sale unless they submit the voucher of the transaction, something which was impossible to do because the purchase had been made by internet.

On 3rd December 2002, JHONI RYEY requests the purchase by internet of four ZEISS viewfinders for an amount of three thousand six hundred and thirty five /3.635/ Euro. The payment is made in two different times: one thousand eight hundred and seventeen Euros with fifty cents /1.817,50/ each time against two credit cards with the following details: MASTERCARD ███████████ expiry date ███, transaction date 10th December 2002 and transaction number ███. The other card is VISA number ███████████ expiry date ███ transaction date 12th December 2002 and transaction number ███.

On 2nd January 2003 KUTXA withdrew from the complainant's account one of the two payments because the issuing bank of the above mentioned MASTERCARD had claimed that amount as undue payment. KUTXA took away that amount without any previous notification or advice to the complainant.

On 7th December the complainant found out on occasion of a telephone conversation held with KUTXA that he was going to be notified about the retrocession of the payment for the amount sold with the other VISA card.

The complainant states that he has carried out more sales with that country by internet and is afraid that KUTXA withdraw from his account the amount of those sales.

The complainant attaches copies of the transactions carried out.

Signed: Complainant                                          Signed: Examining policeman/woman


(illegible signature)                                             (illegible signature)

**BASQUE GOVERNMENT**

DEPARTMENT OF INTERIOR
Deputy Ministry of Security
Police

Folio N°:  -03-

ACTIONS REPORT

REFERENCE  ▓▓▓▓▓▓▓▓▓

    At the POLICE STATION in DONOSTIA-SAN SEBASTIAN, at 17.52 hours on 7th JANUARY 2003, and with regard to the complaint reference ▓▓▓▓▓▓▓ filed by Mr. SANTIAGO ARCAS CORCUERA, he is informed by the policeman/woman with professional number ▓▓▓▓ of the PUBLIC character of the reported crime, as well as the right he has to take part in the proceedings and to waive or not his right to be refunded, to have the damage repaired, to be compensated for the damage caused by the crime, as well as his right to appoint a lawyer, informing him as well that even if he did not make any appointment the Public Prosecutor would exercise the pertinent civil actions, if appropriate.

    If the author of the crime or offence were a PERSON UNDER AGE, the injured party will not be able to take criminal actions again him/her, except in the case he/she were 16 years old and the crime was made with violence, intimidation or meant a serious risk to the life or physical integrity. As far as the civil responsibility is concerned, with general character the action will be taken by the Public Prosecutor unless the injured party waives his right to such an action, takes it by himself within one month from the notification of the opening of the Separtate Piece of Civil Responsibility or keeps it himself to be taken before the civil courts.

Signed:  Complainant

Signed:  Policeman/woman

(illegible signature)

(illegible signature)

**BASQUE GOVERNMENT**

DEPARTMENT OF INTERIOR
Deputy Ministry of Security
Police

-04-

COURT REQUEST TO VISA AND MASTERCARD

REFERENCE: 

At the police station in DONOSTIA-SAN SEBASTIAN, at 18:51 hours on 10th JANUARY 2003, the policeman/woman with professional number states:

On 7th January 2003 a complaint was filed at this police station for a purported crime of fraud. The complainant sells optical products to different countries by internet. The payment of the product is made in advance and the buyer of the product provides the details of the credit cards VISA or MASTERCARD that will be used to pay the corresponding amount.. After the seller has charged the amount of the sale to those cards he sends the product to the said country.

The problem showed up when, once the product had been delivered, the complainant's bank withdrew from the complainant's account the amount of the sale made because the issuing bank of the above credit cards claimed those amounts as undue payment.

For that reason it is suspected that either the credit cards have been robbed and are being used by the buyer or it is the buyer himself who is ordering his bank to throw back the transaction and to credit into his account the amount of the purchase in the full knowledge that he can act in this way because he knows that the transaction tickets have not been signed and, therefore, his bank can recover the amount of the transaction, causing a detrimental effect on the seller of the product who will lose the goods.

Bearing in mind the above stated, and taking into account that to clear up the facts it is necessary to know the identity of the owner of the credit cards, you are kindly requested to issue the necessary Warrant so that VISA and MASTERCARD can inform about the holder of the following credit cards an whether they appear as robbed and, if so, since which date:

VISA:

MASTERCARD:



Signed: The policeman/woman                                    Signed: The Secretary

(illegible signature)

**BASQUE GOVERNMENT**

DEPARTMENT OF INTERIOR
Deputy Ministry of Security
Police

And for any purpose whatsoever,

Signed:  The Examining policeman/woman        Signed: The Secretary

(illegible signature)

**VISA**

Magistrates' Court 3
Teresa de Calcuta, 3
San Sebastian 20012

Your Ref.: Committal Proceedings 111/03
Our Ref.: 345/03

Madrid, 10th June 2003

Dear Sirs,

Replying to your official letter, we would like to let you know that our Company do not have the details you are interested in because they are not in our records but in the records of the own financial entities that issue the cards. For that reason, every time that our Company receives a notification from a court requesting information about a credit card we have to get in touch with each of the issuing banks and, in most of the cases, they get in touch with the customers to confirm the required details. Once the issuing banks get the requested information, which is not usually received as fast as everybody would like, specially if they are foreign banks as in the present case, the information is sent to our Company and we, on our side, transmit it to the court.

With all the above we want to make clear that the reason why your letter has not been replied yet is due to the fact that in spite of our persistent requests we have not received yet any reply from the bank that issued the card mentioned in your letter. For that reason, we kindly ask you to contact the banks shown below in order to be informed of the requested details:

███████████. Bank of America, NA (USA) P.O.Box 1390 Norfolk, VA

███████████ First USA Bank, N.A. 2500 Westfield Drive Mail Stop: IL ███Elgin, IL 60123 U.S.A.

Yours faithfully,

(illegible signature)

Legal Department

Visa España, S.C. Gustavo Fernández Balbuena 15 Madrid 28002 – Tel 91 3465300
Fax 91 415 43 70

**MasterCard Europe sprl**
Representative Office Spain
C/Maria de Molina, 40-7° dcha.
E-28006 Madrid
Spain

*MasterCard*
*International*

Tel.: +34 91 515 94 00
Fax: +34 91 515 94 06
www.mastercardeurope.com

Magistrates' Court n° 3
Teresa de Calcuta-Atotxa-Just. Jauregia, 3
20012 Donostia-San Sebastian

Madrid, 1st March 2004-11-12

**Committal Proceedings 111/03**

Dear Sirs,

In reply to your letter dated 28th November 2003, copy of which we are enclosing herewith, requesting information with regard to the ownership and situation of two credit cards, please be advised that Mastercard do not have such information.

The requested information is in the records of the issuing banks which are the following ones:

- **Card**:
  Issuing bank: Bank of Montreal
  Person to get in touch: MR. CHRIS NEAMTZU
  Address: 18TH FLOOR, WEST TOWER
  3300 BLOR STREET WEST
  TORONTO M8X 2X2, CANADA
  Tel: +(416)232-8133
  Fax: +(416)232-8313

- **Card**:
  Issuing bank: MBNA America (Delaware)
  Person to get in touch:
  Tel: +(800)427-2399
  Fax: +(302)457-0924

With no further matters to deal with, we remain

Yours faithfully

(illegible signature)
José Sirvent
MasterCard Europe
Managing Director Iberia

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM SPAIN IN THE MATTER OF SANTIAGO CORCUERA | ) ) ) Misc No. 06- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Spain whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Spain and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Spanish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Spain, which procedures may be specified in the request or

provided by the Spanish authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Spanish authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.


      Dated:  This _____ day of _____, 2006.



                                                             United States District Court Judge